UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

JESUS GONZALEZ

    Plaintiff,

v.

ANTHONY'S COAL FIRED PIZZA OF PINECREST LLC.,
d/b/a Anthony's Coal Fired Pizza, and
NEW PINECREST 102, LLC.

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, hereby sues Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC., d/b/a Anthony's Coal Fired Pizza, and Defendant, New Pinecrest 102, LLC., for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC., and Defendant, New Pinecrest 102, LLC., are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. § 12102(1)(A)(2), 28 C.F.R. § 36.105(b)(2) and 28 C.F.R. § 36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC., (also referenced as "Defendant", "Operator," or "Lessee") is a Florida Limited Liability Company, which is the owner and operator of the Anthony's Coal Fired Pizza restaurant, located at 10205 S Dixie Hwy, Pinecrest, FL 33156.

6. Defendant, New Pinecrest 102, LLC., (also referenced as "Owner," or "Lessor") is a Florida limited liability company which is the owner of commercial real property identified as Folio: 20-5002-008-0112, with the post address of 10205 S Dixie Hwy, Pinecrest, FL 33156, which is built out as the Anthony's Coal Fired Pizza restaurant.

## FACTS

7. At all times material hereto, Defendant, New Pinecrest 102, LLC., has leased its commercial property to Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC., who in turn has operated (and continues to operate) its Anthony's Coal Fired Pizza restaurant within that leased space.

8. Defendant, Anthony's Coal Fired Pizza restaurant, is famous for their great pizza, prepared with the highest quality ingredients, and cooked at 900 degrees in our coal fired oven for a distinct and delicious taste. Anthony's Coal Fired Pizza of Pinecrest's restaurant is located

at 10205 S Dixie Hwy, Pinecrest, FL 33156, and open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." Defendant, Anthony's Coal Fired Pizza restaurant which is the subject to this action is also referred hereto as "Anthony's Pizza Pinecrest", "Restaurant," or "Place of Public Accommodation."

9. As the owner/operator of a restaurant which is open to the public, Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC., is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

10. On November 8, 2022, Plaintiff personally visited the restaurant to purchase a meal and dine therein and to test for compliance with the ADA/ADAAG.

11. Due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff met barriers to access while testing/dining within the restaurant.

12. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of "Anthony's Pizza Pinecrest" restaurant (Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC) and by the owner of the commercial property which houses the restaurant (Defendant, New Pinecrest 102, LLC).

13. As the owner and operator of the "Anthony's Pizza Pinecrest" restaurant, Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC, and the need to provide for equal access in all areas of its restaurant. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As the owner of commercial property which is built out and utilized as a restaurant open to the general public, Defendant, New Pinecrest 102, LLC., is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

15. As the owner of commercial property which is built out as a restaurant open to the public, Defendant, New Pinecrest 102, LLC., is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

16. As a result of the joint and several discriminations by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize and/or test the "Anthony's Pizza Pinecrest" restaurant but continues to be injured in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i)  provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the "Anthony's Pizza Doral" restaurant with the intention of patronizing that restaurant to enjoy a meal and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

23. Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC., and Defendant, New Pinecrest 102, LLC., have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the "Anthony's Pizza Pinecrest" restaurant in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing

to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the "Anthony's Pizza Pinecrest" restaurant.

25.     Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

26.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27.     Defendant, New Pinecrest 102, LLC's commercial property, which houses Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC.,'s restaurant, is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i.  As to Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC, (operator of the restaurant) and Defendant, New Pinecrest 102, LLC., (owner of the commercial property) (jointly and severally). The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: Due to the lack of maintenance on the accessible parking space some areas have a non-compliant slope in

   violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. As to Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC, (operator of the restaurant) and Defendant, New Pinecrest 102, LLC., (owner of the commercial property) (jointly and severally). The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a non-compliant slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. As to Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC, (operator of the restaurant) and Defendant, New Pinecrest 102, LLC., (owner of the commercial property) (jointly and severally). The plaintiff had difficulty using the bar counter, as it is mounted too high. Violation: There is no lower portion of the bar counter provided, violating Section 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. As to Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC, (operator of the restaurant) and Defendant, New Pinecrest 102, LLC., (owner of the commercial property) (jointly and severally). The plaintiff had difficulty opening the door, as the kid's highchairs are encroaching the maneuvering clearance on the door. Violation: Highchairs encroached over the required maneuvering clearance on the pull side of the door. Sections 4.13.6 of the ADAAG, Sections 404.2.4 of the 2010 ADA Standards and section 28 CFR 36.211, whose resolution is readily achievable.

    v.    As to Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC, (operator of the restaurant) and Defendant, New Pinecrest 102, LLC., (owner of the commercial property) (jointly and severally). The plaintiff could not use the lavatory outside the stall without assistance, as does not provide knee clearance. Violation: Lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

    vi.    As to Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC, (operator of the restaurant) and Defendant, New Pinecrest 102, LLC., (owner of the commercial property) (jointly and severally). The plaintiff could not use the lavatory outside the stall without assistance, as it is mounted too high. Violation: Lavatory is mounted over the required height to the top of the rim above the finished floor violation of the requirements in Section 4.19.2 of the ADAAG and Section 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    vii.    As to Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC, (operator of the restaurant) and Defendant, New Pinecrest 102, LLC., (owner of the commercial property) (jointly and severally). The plaintiff had difficulty to use the mirror outside the stall, as it is mounted too high. Violation: The mirror provided in the restroom is in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    viii.    As to Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC, (operator of the restaurant) and Defendant, New Pinecrest 102, LLC., (owner of the commercial property) (jointly and severally). The plaintiff could not lock the restroom without assistance, as the

       door has a non-compliant hardware. Violation: Non-compliant door locking hardware, requiring grasping, and turning of the wrist to operate, violating Section 4.13.9 of the ADAAG and Section 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.    As to Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC, (operator of the restaurant) and Defendant, New Pinecrest 102, LLC., (owner of the commercial property) (jointly and severally). The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to encroaching item (Trash can). Violation: The trash bin is encroaching over the accessible water closet clear floor space. Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

x.    As to Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC, (operator of the restaurant) and Defendant, New Pinecrest 102, LLC., (owner of the commercial property) (jointly and severally). The plaintiff had difficulty to use the mirror inside the stall, as it is mounted too high. Violation: The mirror provided in the restroom is in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xi.    As to Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC, (operator of the restaurant) and Defendant, New Pinecrest 102, LLC., (owner of the commercial property) (jointly and severally). The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drainpipes are not fully wrapped or maintained due to the lack of maintenance violating Section

          4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

xii.    As to Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC, (operator of the restaurant) and Defendant, New Pinecrest 102, LLC., (owner of the commercial property) (jointly and severally). The plaintiff could not use the toilet tissue dispenser without assistance, as it is not mounted at the required location. Violation: The toilet tissue dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

xiii.    As to Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC, (operator of the restaurant) and Defendant, New Pinecrest 102, LLC., (owner of the commercial property) (jointly and severally). The plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance. Violation: The toilet tissue dispenser is mounted under the side wall grab bar not providing the required clearance. Section 4.26.2 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xiv.    As to Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC, (operator of the restaurant) and Defendant, New Pinecrest 102, LLC., (owner of the commercial property) (jointly and severally). The Water closet encroaches over the baby changing station not proving the required clear floor space violating Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xv.    As to Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC, (operator of the restaurant) and Defendant, New Pinecrest 102, LLC., (owner of the commercial property) (jointly and severally). The baby changing station is mounted to low. Violation: The baby

changing station does not provide the required knee clearance above the finished floor violating section 4.32.3 of the ADAAG and Section 902.2 of the 2010 ADA Standards, whose resolution is readily achievable

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC., d/b/a Anthony's Coal Fired Pizza, and Defendant, New Pinecrest 102, LLC. Defendant, New Pinecrest 102, LLC., (owner of the commercial property) and Defendant, Anthony's Coal Fired Pizza of Pinecrest, LLC., (lessee of the commercial property and operator of the Anthony's Coal Fire Pizza located therein) and requests the following injunctive and declaratory relief: The Court declare that Defendants have violated the ADA;

a) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

b) The Court enter an Order requiring Defendants to alter the commercial property and the Anthony's Coal Fired Pizza restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted on this March 6, 2023.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com